UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-01086-FWS-JDE | Date: November 21, 2023 |
| Title: Brian Horowitz et al. v. Darrell W. Gibby *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]**

Before the court is Plaintiffs Brian Horowitz and Heather Smulson's (collectively, "Plaintiffs") Motion to Remand ("Motion" or "Mot."). (Dkt. 11.) Defendants Darrell W. Gibby and Gibby Law Firm PLLC (collectively, "Defendants") oppose the Motion ("Opposition" or "Opp."). (Dkt. 17.) Plaintiff also filed a Reply ("Reply"). (Dkt. 21.) The court found this matter appropriate for resolution without oral argument and took the matter under submission on August 21, 2023. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion.

**I.    Background**

Plaintiffs initiated this action in Orange County Superior Court on May 15, 2023. (Dkt. 1-1 ("Compl.").) In the Complaint, Plaintiffs allege that Plaintiff Brian Horowitz, Creative Outdoor Distributor LLC, and Bam Brokerage, LLC hired Defendant Gibby Law Firm to enforce their intellectual property rights. (*Id.* ¶ 16.) Plaintiffs allege Defendants engaged in various forms of misconduct during the course of their legal representation, including failing to comply with California Rules of Professional Conduct Rules 1.8.1 and 1.7, advise Plaintiffs of the terms or repercussions of various agreements, and disclose conflicts of interest. (*See, e.g.*,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-01086-FWS-JDE | Date: November 21, 2023 |
| Title: Brian Horowitz et al. v. Darrell W. Gibby *et al.* | |

___

*id.* ¶¶ 23-61.) This misconduct caused Plaintiffs to be embroiled in several lawsuits regarding the terms of the agreements and suffer damages. (*See, e.g.*, *id.* ¶¶ 62-70.)

Based on these allegations, Plaintiffs assert four claims for relief, including: (1) breach of fiduciary duty; (2) professional negligence; (3) unfair competition in violation of California Business and Professions Code § 17200 *et seq.*; and (4) declaratory relief. (*Id.* ¶¶ 71-96.) Plaintiffs request $1,000,000 in general, economic, and consequential damages, treble damages not to exceed $10,000, attorneys' fees, punitive damages, declaratory relief, restitution, disgorgement, interest, and costs. (*Id.*, Prayer for Relief.)

## II.   Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

A plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A facial attack challenges "the form, not the substance" of the defendant's removal allegations by asserting the facts are "insufficient on their face to invoke federal jurisdiction." *Id.* Thus,

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01086-FWS-JDE  Date: November 21, 2023
Title: Brian Horowitz et al. v. Darrell W. Gibby *et al.*

___

the defendant need not respond to a facial attack with "competent proof" under a summary judgment-type standard. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020). By contrast, a factual attack "contests the truth of the [defendant's] factual allegations, usually by introducing evidence outside the pleadings." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). If the plaintiff mounts a factual attack, the defendant bears the burden of establishing the basis for removal jurisdiction by a preponderance of the evidence. *Harris*, 980 F.3d at 699. The plaintiff may rely solely on "a reasoned argument as to why any assumptions on which [defendant's numbers] are based are not supported by evidence." *Id.* at 700.

### III.   Discussion

Defendants removed based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. 1 ¶¶ 2-6.) In the Motion, Plaintiffs argue the case should be remanded to Orange County Superior Court because Defendants' notice of removal is both procedurally and substantively defective. (*See generally* Mot.) Plaintiffs argue the notice of removal is procedurally defective because Defendants failed to include all state court papers or file a disclosure statement as required by Federal Rule of Civil Procedure 7.1(a). (*Id.* at 3-5.) Plaintiffs also argue that the notice of removal is substantively defective because Defendants have not adequately established the parties' diverse citizenship. (*Id.* at 5-7.)

In the Opposition, Defendants counter that any procedural defects, including failure to include the Summons, Civil Case Cover Sheet, and Notice of Case Management Statement or file a disclosure statement, are minimal and curable in federal court. (Opp. at 4-6.) Defendants also contend they adequately established diversity of the parties in the Notice of Removal. (*Id.* at 6-8.)

As a preliminary matter, Defendants have cured any procedural defects stemming from the failure to file all state court papers or a disclosure statement. First, a defendant's failure to include all state court filings required by section § 1446(a) constitutes a "*de minimis* procedural defect" that can be cured "even after expiration of the thirty-day removal period." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (internal quotation marks and citations omitted); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (4th ed. 2011) (stating "both the failure to file all state court papers and the

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01086-FWS-JDE                                                              Date: November 21, 2023
Title: Brian Horowitz et al. v. Darrell W. Gibby *et al.*

failure to provide the Federal Civil Rule 11 signature are curable in the federal court"). Plaintiffs concede that Defendants subsequently remedied this defect by filing copies of the Summons, Civil Cover Sheet, and Notice of Hearing Case Management concurrently with their Opposition. (Reply at 5 n.1; *see also* Dkt. 18, Exhs. 1, 2.) Thus, the court concludes Defendants remedied this procedural defect.

Second, Defendants have similarly cured their Federal Rule of Civil Procedure 7.1 disclosure statement by filing an updated document that establishes Defendants' citizenship. Rule 7.1(a) requires parties "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332" to "file a disclosure statement" that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to the party or intervenor . . . when the action is filed in or removed to federal court." Fed. R. Civ. P. 7.1(a)(2). Here, Defendants' updated disclosure statement indicates Defendant Darrell Gibby, an individual, is a citizen of Arkansas and Defendant Gibby Law Firm PLLC, a professional limited liability company, is also a citizen of Arkansas because its sole member is Defendant Gibby. (Dkt. 20 at 2); *see also Johnson*, 437 F.3d at 899 ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Thus, the court concludes this procedural defect also does not warrant remand. *See, e.g., Diamond v. Nationstar Mortg. LLC*, 2019 WL 281296, at *2 (D. Ore. Jan. 22, 2019) (denying motion to remand where defendant filed an amended corporate disclosure statement demonstrating complete diversity under 28 U.S.C. § 1332).

The court next considers whether the Notice of Removal sufficiently alleged a basis for subject matter jurisdiction. As discussed above, Defendants bear the burden of establishing diversity jurisdiction by alleging: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000.[1] 28 U.S.C. § 1332; *Hertz Corp.*, 559 U.S. at 96 (citations omitted). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Lee v. Am. Nat. Ins. Co.*, 260

---

[1] The parties agree that the amount in controversy requirement is met. (*See* Mot at 10-12; Opp. at 8-9.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01086-FWS-JDE                                  Date: November 21, 2023
Title: Brian Horowitz et al. v. Darrell W. Gibby *et al.*

___

F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.").

In this case, the Notice of Removal states "[t]here is complete diversity here, as Plaintiffs are both citizens of California" and "Defendants are citizens of Arkansas." (Dkt. 1 ¶ 4 (citing Compl. ¶¶ 2-5).) Plaintiff facially attacks the Notice of Removal, arguing these allegations fail to establish the citizenship of Defendant Gibby Law Firm PLLC and improperly rely on the Complaint's allegations, which do not conclusively establish the citizenship of any party.[2] (Mot. at 10-12.) The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the [Defendants'] allegations as true and drawing all reasonable inferences in the [Defendants'] favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite*, 749 F.3d at 1121.

Accepting Defendants' allegations as true, the court agrees that the Notice of Removal does not adequately establish complete diversity. "Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction." *Leite*, 749 F.3d at 1122. To allege the citizenship of Defendant Gibby Law Firm PLLC, Defendants must allege the citizenship of each of its members. *See Johnson*, 437 F.3d at 899 ("[L]ike a partnership, an LLC is a citizen of every state of which its

___

[2] Plaintiffs also argue Defendants should not be permitted to rely on the Complaint's allegations made based on information and belief. (Mot. at 6 n.2.) The court disagrees. "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements' for removal and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100-889, p. 71 (1988)). Therefore, as with a plaintiff's allegations, "a defendant's allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Comm'cns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (citing *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014)).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01086-FWS-JDE                      Date: November 21, 2023
Title: Brian Horowitz et al. v. Darrell W. Gibby *et al.*

owners/members are citizens."); *Folgar v. McCully & Gardner PLLC*, 2022 WL 17904086, at *1 (W.D. Wash. Dec. 23, 2022) (applying same citizenship standard to PLLC).

      Although the Notice of Removal alleges Defendant Gibby Law Firm PLLC is a citizen of Arkansas, this allegation is a legal conclusion.[3]  The court need not "assume the truth of legal conclusions . . . cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Furthermore, Defendants failed to support this legal conclusion with sufficient facts, including factual allegations regarding the citizenship of Defendant Gibby Law Firm PLLC's members.[4] (*See generally* Dkt. 1.)  Because the Notice of Removal failed to allege the citizenship of Defendant Gibby Law Firm PLLC, the court concludes Defendants have not established complete diversity as required by 28 U.S.C. § 1332.  *See, e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) ("In this case, neither [p]laintiffs' complaint nor [defendant's] notice of removal made any allegation regarding [p]laintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, [defendant's] failure to specify [p]laintiffs' state citizenship was fatal to [d]efendants' assertion of diversity jurisdiction."); *5AIF Juniper 2, LLC v. White*, 2023 WL 2634404, at *4 (D. Nev. Mar. 23, 2023) ("[B]ecause Defendants' Notice of Removal contained no allegations regarding the citizenship

---

[3] Plaintiffs also argue that Defendants have not adequately established Plaintiffs' citizenship by citing to the Complaint's allegations stating Plaintiffs are "individual[s] who, at times relevant to this action, ha[ve] resided and worked in the County of Orange, California."  (*See* Mot. at 10-11; Compl. ¶¶ 2, 3.)  However, as discussed above, Plaintiffs mount a facial, rather than factual, challenge and do not contest the Notice of Removal's allegations that Plaintiffs are citizens of California.  *See, e.g.*, *NewGen, LLC v. Safe Cig LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged."); *Tanious v. Gattoni*, 533 F. Supp. 3d 770, 776 (N.D. Cal. 2021) ("The place where a person lives is taken to be [their] domicile until facts aduced establish the contrary.").  Therefore, the court finds Defendants adequately alleged Plaintiffs' citizenship.
[4] Defendants' citations to the Complaint also do not establish Defendant Gibby Law Firm PLLC's citizenships because the Complaint alleges only that "Gibby Law Firm PLLC is an Arkansas Professional Limited Liability Corporation with its principal place of business in Arkansas."  (Compl. ¶ 5.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01086-FWS-JDE                                                                 Date: November 21, 2023
Title: Brian Horowitz et al. v. Darrell W. Gibby *et al.*

---

of each of [Plaintiff's] members, it fails to establish that complete diversity between the parties exist, and, thus, that this Court had subject matter jurisdiction [over] this dispute.").

However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," 28 U.S.C. § 1653, even after the thirty-day removal window has closed.  *See ARCO Env't Remediation, LLC v. Dept. of Health & Env't Quality of the State of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 (9th Cir. 2002) ("Under 28 U.S.C § 1653, [the court has] the authority to grant leave to amend a [pleading] in order to cure defective allegations of jurisdiction."); 16 Moore's Federal Practice § 107.30[2][a][iv] ("[A]mendment may be permitted after the 30–day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction.").

Here, Defendants have provided supplemental evidence demonstrating that Defendant Gibby Law Firm PLLC has only one member, Defendant Darrell W. Gibby, and thus Defendant Gibby Law Firm PLLC is a citizen of Arkansas for purposes of diversity jurisdiction.  (Dkt. 19 ("Gibby Decl.") ¶¶ 4-5, Exh. 4.)  Accordingly, the court concludes that Defendants' defective jurisdictional allegations may be cured and **GRANTS** Defendants' request to amend their Notice of Removal.  *See, e.g.*, *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) (granting leave to amend jurisdictional allegations where defendants failed to allege the citizenship of each of LLC member); *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 794 (9th Cir. 1996) (affirming district court's denial of motion to remand and grant of leave to amend notice of removal to cure "formal errors of pleading" diversity jurisdiction).  The court **ORDERS** Defendants to file an amended Notice of Removal by **December 5, 2023**.

## IV.     Disposition

For the reasons set forth above, the Motion is **DENIED**.  Defendants are **ORDERED** to file an amended Notice of Removal by **December 5, 2023**.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

---